**AMUSEMENT AND MUSIC OPERATORS ASSOCIATION, a corporation, et al., Appellants,**

v.

**The COPYRIGHT ROYALTY TRIBUNAL et al.**

**No. 79–1543.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 6, 1980.

Decided Aug. 7, 1980.

Rehearing Denied Sept. 9, 1980.

Nicholas E. Allen, Washington, D. C., with whom Philip F. Herrick, James Michael Bailey, and Suzanne V. Richards, Washington, D. C., were on brief, for appellants.

Michael J. Ryan, Asst. U. S. Atty., Washington, D. C., with whom Carl S. Rauh, U. S. Atty., at the time the brief was filed, and John A. Terry, Asst. U. S. Atty., Washington, D. C., were on brief, for appellees.

Before McGOWAN and ROBINSON, Circuit Judges, and OBERDORFER *, United

States District Judge for the District of Columbia.

Opinion for the Court filed by Circuit Judge McGOWAN.

McGOWAN, Circuit Judge:

Congress in 1976 established a new agency, the Copyright Royalty Tribunal, and conferred upon it certain powers with respect to the setting of royalty rates and adjudication of royalty claims. The Tribunal also has the power to promulgate regulations governing access to "phonorecord players"–jukeboxes–so that persons having claims to royalties may determine the amount owed them by jukebox owners.

Knowing the *location* of jukeboxes reasonably might be thought to be a necessary antecedent to obtaining *access* to them; thus, the Tribunal in 1978 issued regulations requiring jukebox operators to submit to the Tribunal a list of the locations of their jukeboxes and the number of machines at each location.

Appellant is an organization representing jukebox owners aggrieved by the new regulations. Appellant sued in the District Court, asking that the regulations be set aside because, *inter alia*, they violated the Copyright Act, the Federal Reports Act, and the Fifth Amendment, and because the Tribunal itself was unconstitutionally organized as a component of the legislative branch.

The District Court denied appellant's prayer for preliminary relief, and this court summarily affirmed.[1] The parties then filed cross–motions for summary judgment in the District Court, which entered judgment upholding the regulations. This appeal followed.

### A

Before considering any of the substantive challenges to the regulations, we must decide whether the District Court had jurisdiction in this case. Specifically, we must

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

1. *Amusement & Music Operators Ass'n v. Copyright Royalty Tribunal*, No. 78–2065 (D.C. Cir. Nov. 1, 1978).

decide whether appellant properly sought judicial review of the regulations in the District Court, or whether it should have come directly to the Court of Appeals.

Both parties contend that appellant correctly complained in the District Court.[2] However, the parties cannot by mutual consent confer subject matter jurisdiction where it does not otherwise exist;[3] the Court, *sua sponte*, must consider jurisdictional difficulties that it perceives.[4] Upon consideration of the statute's language and structure, we hold that it mandates direct review in the Court of Appeals of these regulations. Thus, because appellant in this case erroneously sought review in the District Court, we vacate the decision under review and remand to the District Court with instructions to dismiss the complaint.[5]

### B

The judicial review provision of the statute is 17 U.S.C. section 810. It provides:

*Any final decision of the Tribunal in a proceeding under section 801(b) may be appealed to the United States Court of Appeals, within thirty days after its publication in the Federal Register by an aggrieved party.* The judicial review of the decision shall be had, in accordance with chapter 7 of title 5, on the basis of the record before the Tribunal. *No court shall have jurisdiction to review a final decision of the Tribunal except as provided in this section.* [Emphasis added.]

Section 801(b) permits the Tribunal, *inter alia*, "to *make determinations* concerning the adjustments of reasonable copyright royalty rates as provided in section 115 and 116 . . .." (Emphasis added.) Section 116, in turn, is the section under which these regulations were issued.[6] The statute in this matter incorporates section 116 regulations into the Tribunal's section 801(b) powers. Determinations under section 801(b) are, as we have seen, reviewable only in the Court of Appeals.

■ Logic also supports direct review in the Court of Appeals. In general, agency

---

**2.** We raised the jurisdictional question *sua sponte*, and permitted both parties to file supplemental briefs on that issue prior to oral argument.

**3.** *E. g., Clark v. Paul Gray, Inc.*, 306 U.S. 583, 588, 59 S.Ct. 744, 748, 83 L.Ed. 1001 (1939); *see Green v. Department of Commerce*, No. 79–1509, slip op. at 5–6 (D.C.Cir. Feb. 26, 1980) (lack of finality is a jurisdictional flaw that cannot be waived).

**4.** That we earlier entertained on the merits an appeal from the denial of preliminary relief, *see* note 1 *supra*, does not prevent us now from examining the question of jurisdiction. *Green v. Department of Commerce*, 618 F.2d 836 at 839 (D.C.Cir.1980); *Potomac Passengers Ass'n v. Chesapeake & Ohio Ry.*, 520 F.2d 91, 95 n. 22 (D.C.Cir.1975).

**5.** The complaint in the District Court was filed 37 days after the promulgation of the regulations at issue. Petitions for review of Tribunal regulations must be filed in the Court of Appeals within 30 days. 17 U.S.C. § 810 (1976). Thus, even if we were to treat the complaint as a petition for review, and its filing in the District Court as tolling the running of the period in which review may be sought, jurisdiction still would be absent because the District Court complaint was not filed within 30 days. *See* Fed.R.App.P. 26(b). (Court may not enlarge the time prescribed by law for filing a petition for review).

**6.** 17 U.S.C. section 116 provides, in pertinent part:

\* \* \* \* \* \*

(5) The Copyright Royalty Tribunal shall promulgate regulations under which persons who can reasonably be expected to have claims may, during the year in which performances take place, without expense to or harassment of operators or proprietors of establishments in which phonorecord players are located, have such access to such establishments and to the phonorecord players located therein and such opportunity to obtain information with respect thereto as may be reasonably necessary to determine, by sampling procedures or otherwise, the proportion of contribution of the musical works of each such person to the earnings of the phonorecord players for which fees shall have been deposited. Any person who alleges that he or she has been denied the access permitted under the regulations prescribed by the Copyright Royalty Tribunal may bring an action in the United States District Court for the District of Columbia for the cancellation of the compulsory license of the phonorecord player to which such access has been denied, and the court shall have the power to declare the compulsory license thereof invalid from the date of issue thereof.

action is aptly examined in the District Court when the court proceeding is to be *de novo* and based on a new record compiled in the court itself. Where review is to be on the *agency record*, the Court of Appeals is well suited to consider the challenge in the first instance.[7] In this case, section 810 provides that judicial review is to be conducted pursuant to the Administrative Procedure Act (APA) "on the basis of the record before the Tribunal." Thus, the reviewing court is not to compile its own record, but is to examine the existing record to see if the Tribunal's decision was arbitrary, capricious, or otherwise not in accordance with law. Judicial resources would be wasted if parties could press their case upon the administrative agency, then obtain review on the agency record in the District Court, and then enjoy an appeal as of right to the Court of Appeals, which would perform precisely the same function. We think that Congress intended to avoid this redundancy by providing in section 810 for direct review in the Court of Appeals.

## C

Both parties contend that jurisdiction nevertheless existed in the District Court pursuant to section 803 of the Act, sections 553 and 701 of the APA, and sections 1331, 1361, 1651, and 2201 of the Judicial Code. None of these, however, confers jurisdiction on the District Court to review the instant regulations.

Appellant principally contends that the District Court had jurisdiction pursuant to 17 U.S.C. section 803, which provides:

§ 803. Procedures of the Tribunal

(a) The Tribunal shall adopt regulations, not inconsistent with law, governing its procedures and methods of operation. Except as otherwise provided in this chapter, the Tribunal shall be subject to the provisions of the Administrative Procedure Act of June 11, 1946, as amended (c. 324, 60 Stat. 237, title 5, United States Code, chapter 5, subchapter II and chapter 7).

(b) Every final determination of the Tribunal shall be published in the Federal Register. It shall state in detail the criteria that the Tribunal determined to be applicable to the particular proceeding, the various facts that it found relevant to its determination in that proceeding, and the specific reasons for its determination.

This section is inapposite. First, the Tribunal promulgated the instant regulations pursuant to section 116. Section 803, by contrast, deals only with regulations pertaining to the Tribunal's *methods of operation*.[8] Second, section 803 does not address judicial review. It provides only that the Tribunal shall "be subject to the provisions of the Administrative Procedure Act." That language arguably does not even provide for judicial review of procedural regulations; in any event, it nowhere specifies the court in which review is to occur.

Appellant alleges various other bases for jurisdiction in the District Court, but none is effective. The Declaratory Judgment Act, 28 U.S.C. § 2201, and the APA do not independently confer jurisdiction.[9] Nor is this an action in the nature of mandamus within the meaning of 28 U.S.C. sections 1361 and 1651.

Only the general federal question statute, 28 U.S.C. § 1331, arguably confers jurisdiction on the District Court. However, where "there exists a special statutory review procedure, it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies," notwithstanding section 1331. *City of*

---

7. In this case, the Tribunal compiled a substantial record. The Tribunal in December 1977 issued notice of proposed rulemaking, and in May 1978 published a proposed rule. A formal hearing was held in June 1978, at which appellant made formal statements, and presented and cross-examined witnesses.

8. Procedural regulations pursuant to section 803 have, in fact, been promulgated. 37 C.F.R. § 301 *et seq.* (1979).

9. *E. g., Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) (APA); *Seibert v. Baptist*, 594 F.2d 423 (5th Cir. 1979) (Declaratory Judgment Act).

*Rochester v. Bond,* 603 F.2d 927, 931 (D.C. Cir.1979). We have seen that section 810 is a specific jurisdictional grant of that sort; accordingly, appellant's invocation of the general federal question statute is unavailing.

In sum, appellant here incorrectly sought review of the Tribunal's regulations in the District Court. Because the District Court lacked jurisdiction, we vacate its grant of summary judgment to appellee, and remand with instructions to dismiss the complaint for lack of jurisdiction.

*It is so ordered.*