SAN LUIS OBISPO MOTHERS FOR PEACE et al., Plaintiffs,

v.

Joseph M. HENDRIE et al., Defendants.

Civ. A. No. 80–2356.

United States District Court, District of Columbia.

Nov. 26, 1980.
As Modified Jan. 15, 1981.

David S. Fleischaker, Washington, D. C., for plaintiffs.

Douglas A. Oglesby, F. Ronald Laupheimer, San Francisco, Cal., for intervenor.

Rebecca L. Ross, Asst. U. S. Atty., Washington, D. C., for defendants.

### MEMORANDUM

OBERDORFER, District Judge.

Plaintiffs seek expedited consideration of their complaint and motion for summary judgment that Nuclear Regulatory Commissioner Joseph M. Hendrie is disqualified from acting on the pending application of defendant intervenor Pacific Gas and Elec-

tric Company ("PG&E") for a license to operate the nuclear power plant in Diablo Canyon, California. Plaintiffs have intervened in the licensing proceeding to contest the positions taken by the Nuclear Regulatory Commission ("NRC") and PG&E on various issues relating to the granting or denying of this license. They have been particularly concerned that newly discovered evidence that the plant is situated near a seismic fault be properly taken into account. Plaintiffs sought an early decision by this court in time to foreclose Commissioner Hendrie's involvement in Commission deliberations and decisions on contested issues in the licensing proceeding. The court has considered the parties' cross motions for summary judgment, and defendants' and defendant intervenor's motions to dismiss, all supported by comprehensive briefs, as well as oral arguments by all the parties. It has concluded that defendants' and defendant intervenor's motions to dismiss should be granted because plaintiffs have failed to state a claim upon which the court can grant relief. If the matter is sufficiently ripe for judicial review, the Court of Appeals is the place for that review. An order to this effect was entered Nòvember 25, 1980. This memorandum explains that order.

### I.

Plaintiffs, including the Governor of California and several public interest groups, have been engaged in opposing Commission licensing of the plant at Diablo Canyon. They claim Commissioner Hendrie should be disqualified because in October, 1979, he met with officials of PG&E and had communications with them in the presence of the General Counsel of the NRC, but in the absence of plaintiffs, and without any transcript being maintained. Although Commissioner Hendrie had obtained the advice of the General Counsel before the meeting, had caused the General Counsel to establish ground rules for the meeting that would limit the subject matter of the meeting, and shortly after the meeting filed a memorandum of the meeting in the public files,

plaintiffs claim that the meeting was an impermissible *ex parte* one which would cause the Commissioner's further participation in the licensing to violate plaintiff's rights under Commission regulations, 10 C.F.R. 2.780(a), the Administrative Procedure Act (5 U.S.C. § 557(d)) and the due process clause of the United States Constitution. They also claim that Commissioner Hendrie should be disqualified because he was a licensing supervisor at the Atomic Energy Commission (the NRC's predecessor) at the time the Diablo Canyon license application was docketed and at the time the Commission allegedly developed its position on the contested seismic issues which Commissioner Hendrie will now be called upon to judge. Plaintiffs therefore claim his further participation would violate the due process clause of the United States Constitution as well as Commission regulations regarding the separation of investigatory and adjudicative functions (10 C.F.R. § 2.719(d)).

The plaintiffs brought this matter to the Commission's attention. It took the position that disqualification was a matter for the individual Commissioner and did not rule on the issue now presented here. After affording the parties the opportunity to submit relevant presentations, Commissioner Hendrie filed a memorandum concluding that he was not disqualified. Plaintiffs then brought this action. They do not now challenge the Commission's failure to act so that the matter here for review is Commissioner Hendrie's decision not to recuse himself.

II.

The pertinent statutory scheme vests exclusive jurisdiction in a court of appeals to review a final NRC decision in a licensing proceeding. Section 189 of the Atomic Energy Act, 42 U.S.C. § 2239(b), provides that a "final order entered in any proceeding [for a license] shall be subject to judicial review in the manner prescribed in [42 U.S.C. § 2342]." That section, in turn, establishes that "a court of appeals has exclusive jurisdiction" to review such final or-

ders. As this Circuit has recently noted, such special review statutes establish the sole means of obtaining review of agency actions to which they apply. *See Amusement and Music Operators Assn. v. Copyright Royalty Tribunal*, 636 F.2d 531 at 534 (D.C.Cir., 1980).

Plaintiffs contend nonetheless that this statutory scheme does not preclude jurisdiction in this court because the statute pertains only to final orders specifically suspending, revoking, or amending construction permits or operating licenses, and does not refer to final orders addressing claims such as the one in the instant case, seeking the disqualification of a commissioner from participation in a licensing proceeding. Instead, they claim jurisdiction lies in this court because the issue of Commissioner Hendrie's disqualification is a collateral claim, not "a substantive issue on a licensing proceeding." Plaintiffs' Response to Defendants' and PG&E's Statements of Points and Authorities In Support of Their Motions to Dismiss and Cross Motions for Summary Judgment at 3–4. They invoke the jurisdiction of this court under Sections 10(a) and 10(b) of the Administrative Procedure Act, 5 U.S.C. §§ 702, 703, as well as under 28 U.S.C. §§ 1331, 1337, since they allege violations of their statutory rights under the Administrative Procedure Act and of their constitutional right to procedural due process. They cite Judge Tamm's recent opinion in *Association of National Advertisers, Inc. v. F.T.C.*, 627 F.2d 1151 (D.C.Cir., 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 3011, 65 L.Ed.2d 1113 (1980), (hereinafter "*National Advertisers*") to support this contention. They assert, finally, that this collateral issue is appropriate for review at this time because the Commission has refused to hold any hearings on the dispute and therefore no further administrative remedies are available.

The court does not find, however, that the failure of Commissioner Hendrie to disqualify himself constitutes a final decision, separate from the licensing proceeding, which justifies review at this time. This

Circuit has repeatedly and specifically stated that, in all but rare cases, a motion challenging the action of an agency official is not cognizable prior to a final administrative decision or otherwise than pursuant to specific, applicable statutory procedures. *See e. g., Nader v. Volpe*, 466 F.2d 261 (D.C.Cir.1972); *S.E.C. v. R.A. Holman & Co.*, 323 F.2d 284 (D.C.Cir.) *cert. denied*, 375 U.S. 943, 84 S.Ct. 350, 11 L.Ed.2d 274 (1963); *R. H. Macy Co. v. Tinley*, 249 F.Supp. 778 (D.D.C.1965). Rather, this Circuit has held that a court may properly intervene to review a petition for disqualification, before an agency has reached a final decision on the merits, only in those few cases where, in the words of one recent opinion, plaintiffs have made a "showing of patent violation of agency authority or manifest infringement of substantial rights irremediable by the statutorily–prescribed method of review." *Nader v. Volpe*, 466 F.2d 261, 266 (D.C.Cir.1972). Plaintiffs in this case have not made a showing to meet this test. There is no indication of any patent violation of the NRC's authority in this matter. Nor, as plaintiffs conceded at oral argument, will the issue of Commissioner Hendrie's participation be other than fully reviewable upon completion of the agency licensing proceedings, should plaintiffs seek review in the Court of Appeals, the only appropriate forum to hear their claim.

The conclusion that plaintiffs' claim is not properly reviewable by this court finds support in the Administrative Procedure Act itself. 5 U.S.C. § 703 states that review must be had pursuant to "the special statutory review proceeding relevant to the subject matter in a court specified by statute"–in this case, a court of appeals–except "in the absence or inadequacy of" judicial review under that statute. Neither delay in reaching review of Commissioner Hendrie's failure to disqualify himself, nor any danger that his views might improperly influence those of his colleagues, succeeds in justifying the conclusion that eventual review in the Court of Appeals for this Circuit would necessarily be inadequate, since the issue would be fully reviewable at that time and the entire licensing proceeding subject to vacation, if necessary.

Nor does Judge Tamm's opinion in *National Advertisers* justify judicial review in this court at this time. Judge Tamm emphasized that district courts have jurisdiction to review prejudgment claims only in "rare circumstances," and this case does not fall within those "rare circumstances." *Id.* at 1156. He stated that such interlocutory review may be appropriate where the issue (1) "involves no disputed factual issues," demanding "the creation of a better administrative record;" (2) is a "pure question of law;" and (3) is one of "first impression" which "will not necessarily permit future piecemeal attacks on administrative processes." *Id.* at 1156–1157. With regard to the first of these criteria, a better administrative record might well elucidate the dispute on the merits in this case, since allowing the licensing proceeding to go forward, and permitting the Commission to apply its expertise to the merits of the case as a whole, might clarify the significance of Commissioner Hendrie's actions in relation to the contested issues. More importantly, with regard to the third of these criteria, plaintiffs cannot show that the question presented is one of first impression that will not permit future piecemeal attacks on the administrative process. Plaintiffs' claim does not differ from other disqualification claims in the legal principles it implicates; there is no novel legal issue to be addressed in adjudicating the claim, such as there was in the *National Advertisers* case. Reviewing claims such as plaintiffs' at an interlocutory stage would thus merely open the way to delays in the administrative process by allowing common claims of bias or prejudgment on the part of an administrative official to disrupt agency proceedings.

Moreover, this court concludes that, even if this case presented the rare circumstances in which interlocutory appeal were appropriate, jurisdiction would not lie in the district court. When Congress conferred jurisdiction on the courts of appeal, those courts were already armed with the All Writs Act, 28 U.S.C. § 1651, giving them

the power to aid their jurisdiction by orders in the nature of writs of mandamus, prohibition and injunction. If the Court of Appeals for this Circuit is persuaded that its task of reviewing the final licensing order, or the administrative process culminating in that review, would be facilitated by deciding plaintiffs' disqualification claim now, instead of waiting until final review, the jurisdiction is there. As Judge Leventhal said for the future in his concurrence in *National Advertisers* at 1157 (Leventhal, J., concurring), without contradiction from the other members of the panel:

> If there is to be an analogy to an expansion of mandamus of district judges, based on the existence of the appellate court's prospective jurisdiction, the jurisdiction would not lie in the district court, but in the court of appeals .... To the extent that the All Writs Act has been used in connection with FTC matters, it is the court of appeals that has been found to have the power to grant relief.... On this thesis, I posit a total lack of jurisdiction in the district court to consider the merits of plaintiffs' case in any way or to any extent. Thus, even if this case fell within an exception to the finality requirement, jurisdiction to consider the interlocutory action would lie in this court and not the district court.

Plaintiffs' claim has therefore been dismissed for failure to state a claim upon which relief can be granted, without prejudice, of course, to plaintiffs' prompt invocation of the jurisdiction of the Court of Appeals.