**CITY OF WEST CHICAGO, a municipal corporation of Illinois, Plaintiff,**

v.

**UNITED STATES NUCLEAR REGULATORY COMMISSION, R. G. Page, and Kerr-McGee Chemical Corporation, Defendants.**

No. 81 C 5743.

United States District Court,
N. D. Illinois, E. D.

April 5, 1982.

Bruce R. Kelsey, Harold J. Spelman & Associates, West Chicago, Ill., for plaintiff.

Gail C. Ginsberg, Asst. U. S. Atty., John C. Berghoff, Jr., Pamela J. Kempin, and Mary C. Bryant, Chadwell, Kayser, Ruggles, McGee & Hastings, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McGARR, Chief Judge.

This cause is currently before the court on two motions. The plaintiff, the City of West Chicago ("West Chicago") has filed an amended petition for a preliminary injunction. The United States Nuclear Regulatory Commission (the "NRC" or the "government"), one of the defendants, has filed a motion to dismiss in which it has been joined by the other defendant, Kerr-McGee Chemical Corporation ("Kerr-McGee"). Since both motions can be resolved on the same grounds, the court will address them together in this opinion.

This cause is one of a series of actions brought by West Chicago against the NRC and Kerr-McGee. These actions stem from the operation of Kerr-McGee's Rare Earth processing facility in West Chicago. Chemical compounds containing thorium, a naturally occurring radioactive element, were produced at this plant. Because thorium was involved, the facility was originally licensed by the Atomic Energy Commission, the predecessor in authority to the NRC. Production at this site ceased in 1973 and now Kerr-McGee is in the process of decommissioning the site.

At issue here is the demolition of several buildings at the West Chicago location. Their demolition was authorized by the NRC in an amendment to Kerr-McGee's license dated September 28, 1981. West Chicago then filed this complaint and a petition for a temporary restraining order ("TRO"). A hearing was held during which the plaintiff alleged that the NRC issued the license amendment without a hearing and without notice to the plaintiff.

The court granted the plaintiff's request for a TRO on October 21, 1981. The order required the NRC to consider the plaintiff's request for intervention and a hearing on the licensing amendment proceedings.

Now West Chicago is before the court with a request for a preliminary injunction. The action is framed primarily as a mandamus action, 28 U.S.C. § 1361, although federal question jurisdiction is also asserted. 28 U.S.C. § 1331.

On February 11, 1982, the NRC issued its order reaffirming the issuance of the amendment to Kerr-McGee's license. The NRC's order was issued after it complied with the court's direction that it provide West Chicago with proper notice of its deliberations. According to the government, the NRC considered all the information presented to it pertaining to the proposed licensing amendment. This included all the information submitted by the parties to this suit as well as the NRC's staff analysis of the environmental impact and health and safety considerations involved in the decision.

In the February 11 order, the NRC also considered West Chicago's request for a hearing. The NRC determined that none of its regulations nor any due process considerations entitled West Chicago to a hearing. To the extent that the Atomic Energy Act ("AEA") provides for hearings in proceedings by this type, 42 U.S.C. § 2239(a), the NRC found that an informal hearing, based on written submissions of the parties, was an appropriate procedural mechanism to consider fully a challenge to the proposed licensing amendment.

The complaint brought by West Chicago can be summarized as follows: The plaintiff asserts that the NRC's amendment to Kerr-McGee's license allowing demolition of certain buildings and receipt for temporary storage of thorium was granted in violation of NRC regulations, the AEA, the due process clause of the Constitution and the National Environmental Policy Act ("NEPA"). In short, the plaintiff seeks judicial review of the NRC's license amendment on the grounds that it was improperly issued. These allegations are contained in Counts V through XII of the complaint.

Next, the complaint alleges that the NRC delayed in issuing for public comment a

draft environmental impact statement ("EIS") on Kerr-McGee's plans for permanent decommissioning of the West Chicago site and delayed approval of the plan in violation of the NEPA. These allegations are contained in Counts I through IV of the complaint.

Before considering these allegations, the court must first decide the issue, raised in both motions, of whether it may properly assert subject matter over this cause.

The court of appeals has exclusive jurisdiction to review final orders entered by the NRC. 28 U.S.C. § 2342(4); 42 U.S.C. § 2239(b). The government contends that the nature of this action is to question the validity of the NRC's order.[1]

■ Specifically, the government contends that inasmuch as Counts V through XII of the complaint attack the validity of the licensing amendment there can be no doubt that this was a final order in a licensing proceeding over which the court of appeals has exclusive jurisdiction to review. *Natural Resources Defense Counsel v. NRC*, 606 F.2d 1261 (D.C.Cir.1979). Of course, a specific grant of authority to the court of appeals supersedes the more general grants of federal question or mandamus jurisdiction upon which West Chicago bases this case. For this reason, the NRC urges this court to dismiss plaintiff's complaint and deny its preliminary injunction to the extent that they challenge the licensing amendment. The court agrees.

The NRC also asserts that the court should dismiss West Chicago's claim that the procedures employed by the NRC in granting the license amendment violated West Chicago's right to due process on the same subject matter jurisdiction grounds. Involved here is an express jurisdictional mandate to the court of appeals which this court must respect. Although the plaintiff is raising a constitutional claim, it is directed to, and arises from the NRC's grant of a license amendment under the AEA. Therefore, this constitutional challenge pertains to the final order issued by the NRC and must be reviewed by the court of appeals. *See Campos v. FCC*, 487 F.Supp. 865 (N.D. Ill.1980), *aff'd on other grounds*, 650 F.2d 890 (7th Cir. 1981). *See also Robinson v. Dow*, 522 F.2d 855 (6th Cir. 1975). *Contra, Susquehanna Valley Alliance v. Three Mile Island*, 619 F.2d 231 (3d Cir. 1980), *cert. denied*, 449 U.S. 1096, 101 S.Ct. 893, 66 L.Ed.2d 824 (1981).

■ Finally, the NRC contends that this court lacks jurisdiction to address the plaintiff's claims concerning the decommissioning plan of the Kerr-McGee site as set forth in Counts I through IV of the complaint. Since a license amendment approving a decommissioning plan has not yet been issued by the NRC, these counts do not suffer from the same jurisdictional infirmities as the other counts in the complaint. However, the allegations concerning the decommissioning plan relate to an amendment that has not been issued. As such, the action is clearly not ripe for judicial review. Once a final order is issued by the NRC, review is proper before the court of appeals. In the meantime, an interim remedy is available in the form of *pendent lite* relief. *See First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690 (3d Cir. 1979), *cert. denied*, 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980); *San Luis Obispo Mothers for Peace v. Hendrie*, 502 F.Supp. 408 (D.D.C.1981).

In sum, this court concludes that it lacks proper subject matter jurisdiction to hear claims arising out of a final order entered by the NRC. Nor can it address claims that are not yet ripe for judicial determination. Rather than address the jurisdictional issue, the plaintiff argues primarily the merits of its entitlement to mandamus relief. While the court sympathizes with the plaintiff's desire for a court to reach the merits of its claims, we conclude that the proper forum

---

1. The government, in its motion to dismiss, refers to the NRC's order of September 28, 1981 as a final order of that agency. However, pursuant to the TRO entered by this court on October 21, 1981, the NRC took further steps regarding notice to the plaintiff, West Chicago. The NRC then issued an order on February 11, 1982. The court will, therefore, restrict its consideration to the question of whether the February 11 order is a final order of the NRC.

for this action can be found in the court of appeals.

For the foregoing reasons, the court holds that it lacks proper subject matter jurisdiction over this action. The plaintiff's petition for a preliminary injunction is denied. The defendants' motion to dismiss is granted. The cause is dismissed.