PUBLIC UTILITY DISTRICT NO. 1
OF CLARK COUNTY, Petitioner,

v.

Peter T. JOHNSON, as Administrator of
the Bonneville Power Administration;
Department of Energy; James B. Ed-
wards, as Secretary of the Department
of Energy; and the United States of
America, Respondents.

No. 82–7567.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 1987.

Decided Aug. 30, 1988.

Donald Russo, Blair, Schaefer, Hutchin-
son, Wynne, Potter & Horton, Vancouver,
Wash., for petitioner.

Bruce G. Forrest, Dept. of Justice, Civil
Div., Washington, D.C., for respondents.

Before SCHROEDER * and BEEZER,
Circuit Judges, and GRAY,** District
Judge.

SCHROEDER, Circuit Judge:

Public Utility District No. 1 of Clark
County, Washington originally filed this ac-
tion in this court in 1982 challenging the
Bonneville Power Administration's decision
that it would not purchase one of PUD's
power resources. In this case's early
stages, neither the nature of the BPA's
actions being challenged, nor the nature of
the claims being asserted were clear. The
case came before a motions panel of this

* Judge Schroeder was drawn to replace Judge
Kennedy. She has read the briefs and reviewed
the record.

** Honorable William P. Gray, Senior United
States District Judge for the Central District of
California, sitting by designation.

court upon PUD's application to take discovery. The motion was granted over BPA's objections that any review by this court should be limited to the administrative record, and that this court lacked jurisdiction over any claims to which the discovery related. A subsequent motions panel appointed a special master to take evidence in the case, but the panel expressly reserved any determination of the scope of this court's jurisdiction.

The case is now before us after completion of the proceedings before the special master which resulted in a report adverse to PUD on the merits of its claims. It is by now clear that the principal claim which PUD seeks to pursue is a contractual one beyond the jurisdiction of this court. We uphold the BPA's actions to the extent that PUD has challenged final agency action within this court's jurisdiction to review pursuant to 16 U.S.C. § 839f(e)(5). We dismiss the remainder of the claims because they are within the jurisdiction of the claims court, which has exclusive jurisdiction to hear contract actions against the government in excess of $10,000. 28 U.S.C. §§ 1346(a)(1), 1491.

## BACKGROUND

Congress enacted the Pacific Northwest Electric Power Planning and Conservation Act, known commonly as the Regional Act, in 1980 in light of an impending energy shortage in the northwest and the need to respond to increasing demand for hydroelectric power. *See Aluminum Co. of America v. Central Lincoln Peoples' Utility Dist.*, 467 U.S. 380, 385–86, 104 S.Ct. 2472, 2477–78, 81 L.Ed.2d 301 (1984); *Central Lincoln Peoples' Utility Dist. v. Johnson*, 735 F.2d 1101, 1106–07 (9th Cir. 1984). The Act empowered the Bonneville Power Administration to acquire additional power resources. 16 U.S.C. § 839d.

Pursuant to this authority, in August 1981 the BPA issued a Request for Resources, soliciting proposals from sponsors of electric power resources. The solicitation set forth criteria used to select proposals and stated that the BPA was not committed to the purchase of any resources.

At that time, PUD was apparently considering acquiring power from a facility known as Great Western Malting (GWM). PUD submitted a proposal requesting that BPA purchase GWM power. PUD itself then proceeded to acquire GWM power.

On July 6, 1982, the BPA issued an administrative decision in which it stated it would not purchase power from that facility. Within 90 days of that decision, PUD filed a petition for review in this court and followed that up with a document entitled "amended complaint" seeking equitable, declaratory and monetary relief to enforce what PUD claimed to be the BPA's obligation to make the purchase. PUD asked this court to appoint a special master to take evidence, and this court granted that application without determining whether PUD's claims were properly within this court's jurisdiction.

The special master, Magistrate George Juba, proceeded to take evidence and has recommended a ruling on the merits against PUD in all of its claims.

In its briefs to this court, PUD first argues that the special master should have found that BPA breached an oral or implied in fact contract arising from a February 5, 1981 meeting in which PUD alleges that BPA and PUD representatives orally agreed to BPA's purchase of GWM power. Second, PUD argues that the special master on the evidence presented should have found that BPA negligently failed to perform a duty imposed upon it by the Regional Act to execute its oral or implied contract with PUD. Third, PUD claims that BPA's decision not to acquire GWM power was arbitrary and capricious agency action violating the mandate of the Regional Act requiring BPA to acquire cost effective resources. The BPA continues to maintain that the claims the special master considered are outside this court's jurisdiction.

## ANALYSIS

■ The Regional Act vests this court with exclusive jurisdiction for review of final actions and decisions of the BPA administrator. *See California Energy*

*Comm'n. v. Johnson,* 767 F.2d 631, 633 (9th Cir.1985); *Public Utility Comm'r. of Oregon v. Bonneville Power Admin.,* 767 F.2d 622, 626 (9th Cir.1985). 16 U.S.C. § 839f(e)(5) provides:

> Suits to challenge the constitutionality of this chapter, or any action thereunder, final actions and decisions taken pursuant to this chapter by the Administrator or the Council, or the implementation of such final actions ... shall be filed in the United States court of appeals for the region.... Suits challenging any other actions under this chapter shall be filed in the appropriate court.

In 16 U.S.C. § 839f(e)(1), Congress listed eight final actions which were made expressly subject to review by this court. The listing is not exclusive, for 16 U.S.C. § 839f(e)(3) provides that "[n]othing in this section shall be construed to preclude judicial review of other final actions and decisions by the Council or Administrator."

The statute in section 839f(e)(2) expressly limits our review of final actions and decisions to the administrative record and incorporates the scope of review provision of the Administrative Procedure Act, 5 U.S.C. § 706. Pursuant to Congress' jurisdictional grant of authority, we have consistently reviewed final agency action under the Regional Act on the basis of the record developed before the agency. *See, e.g., Central Montana Elec. Power Coop. v. Administrator of the Bonneville Power Admin.,* 840 F.2d 1472 (9th Cir.1988); *Atlantic Richfield Co. v. Bonneville Power Admin.,* 818 F.2d 701 (9th Cir.1987); *Pacificorp v. FERC,* 795 F.2d 816 (9th Cir.1986); *Central Lincoln,* 735 F.2d at 1101. This court has never reviewed a breach of contract claim based upon alleged facts outside the administrative record of an agency action under the Act.

In describing our jurisdiction we have held that Congress' jurisdictional authorization extends our original jurisdiction to suits challenging "(1) the constitutionality of the Act; (2) the constitutionality of any action taken pursuant to the Act's statutory authority; (3) final actions or other decisions by BPA or the Northwest Power Planning Council, taken pursuant to the Act's statutory authority; and (4) the implementation of final actions by BPA or the Northwest Power Planning Council, taken pursuant to the authority of any of four enumerated federal power statutes." *Pacific Power & Light Co. v. Bonneville Power Admin.,* 795 F.2d 810, 814 (9th Cir. 1986). The policy underlying exclusive jurisdiction in the Court of Appeals was to prevent "district courts in different states of the region from rendering potentially conflicting interpretations of the act." *Id.* at 815. *See also Forelaws on Bd. v. Johnson,* 709 F.2d 1310, 1312 (9th Cir.1983).

The language in section 839f(e)(5) has proved troublesome, in part because Congress did not explain what it meant when it provided for exclusive jurisdiction in this court for some suits and for jurisdiction in "an appropriate court" for other suits. Clearly Congress did not contemplate that all actions against the BPA would be filed in this court. In trying to formulate guidance, we have said that where no constitutional issue is raised, we should determine jurisdiction by looking to the nature of the conduct challenged rather than the label given the cause of action. As we explained in *Pacific Power,*

> [J]urisdiction under the Act should be a function of the agency whose actions are being challenged rather than a function of the cause of action which petitioner asserts.... Unless constitutional issues are raised, jurisdiction under the Act does not turn on the legal theory underlying a suit. For jurisdictional purposes, therefore, it matters not whether the utilities' suit is grounded in contract, administrative law or some other legal theory. Instead, jurisdiction arises because the actions of a particular agency are being challenged and because of the nature of the agency action at issue. The proper inquiry focuses on the agency action being attacked and whether the factual basis for that attack is an agency action authorized by the Act.

*Pacific Power,* 795 F.2d at 816.

In *Pacific Power* we considered whether this court or the district court had jurisdic-

tion over a dispute in which plaintiff-appellant sought what it characterized as declaratory relief to prevent breaches of contracts. We held that while the action could be labeled breach of contract, the action being challenged was in reality ratemaking pursuant to BPA's statutory authority and therefore was within the exclusive jurisdiction of the Circuit Court of Appeals. *Id.* *See* 16 U.S.C. § 839f(e)(1)(G) (final rate determinations subject to judicial review). *See also Atlantic Richfield Co.*, 818 F.2d at 705 (Ninth Circuit had jurisdiction over claim denominated breach of contract because claim challenged ratemaking); *Pacificorp*, 795 F.2d at 820 (same); *City of Seattle v. Johnson*, 813 F.2d 1364, 1368 (9th Cir.1987) (same).

■ In this case, however, the principal conduct of the agency on which petitioner's claim is based is not final action taken pursuant to statutory authority; it is alleged contractual commitments made outside the scope of any administrative record, and which petitioners contend have been breached. Although this court has exclusive jurisdiction over review of claims where the conduct challenged is final agency action pursuant to the statute, the Tucker Act vests jurisdiction in the United States Claims Court for cases involving breach of contract claims against the United States in excess of $10,000. 28 U.S.C. §§ 1346(a)(1), 1491. There is nothing in the language or legislative history of either the Regional Act or the Tucker Act indicating that Congress intended to provide for concurrent jurisdiction in this court and the claims court over claims where the agency's action involves contractual dealings.

■ Similarly, the Tort Claims Act vests exclusive jurisdiction for tort claims in the district courts. 28 U.S.C. § 1346(b). There is no indication that Congress intended concurrent jurisdiction in this court and district courts when the court is asked to consider conduct alleged to have caused injury sounding in tort. A reason for providing exclusive jurisdiction in the Court of Appeals under section 839f(e)(5) was Congress' desire to achieve uniformity in the law interpreting constitutional and statutory issues under the Regional Act, *Forelaws*, 709 F.2d at 1312. Yet conferring jurisdiction in this court over fact specific contract and tort actions would frustrate Congress' jurisdictional grant to the district courts and claims court over such matters. *See* 28 U.S.C. §§ 1346, 1491.

This court is particularly ill-equipped to hear tort and contract actions requiring the resolution of factual disputes, because ours is an appellate rather than a trial tribunal. Direct review by an appellate court of agency action based upon an administrative record is appropriate and can be expeditious. Cases requiring the development of a de novo record, on the other hand, should be considered in the first instance by a trial court. As the D.C. Circuit has said:

> In general, agency action is aptly examined in the District Court when the court proceeding is to be *de novo* and based on a new record compiled in the court itself. Where review is to be on the *agency record,* the Court of Appeals is well suited to consider the challenge in the first instance.

*Amusement and Music Operators Ass'n. v. Copyright Royalty Tribunal,* 636 F.2d 531, 533–34 (D.C.Cir.1980), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1352, 67 L.Ed.2d 336 (1981).

We therefore hold that claims involving alleged contractual breaches by the agency and based on allegations of facts outside an administrative record must be heard in the claims court; claims involving alleged tortious activity and similarly based on allegations outside an administrative record should be heard pursuant to the Tort Claims Act in district court. Our holding is consistent with Congressional intent to grant exclusive jurisdiction to this court for review of final agency actions on the basis of the administrative record. 16 U.S.C. § 839f(e)(2), (5).

Applying these principles to this case, it is apparent that the claim properly within the jurisdiction of this court is PUD's claim that the BPA's decision not to acquire GWM power is arbitrary and capricious and contrary to law. This is a claim for review of a final agency action within the meaning

of section 839f(e)(5). On the merits, however, that contention lacks any support in the administrative record before the agency. The BPA's decision was based upon its review of the proposals submitted under the request for resources program. After months of review, including financial analysis, the BPA concluded that PUD's was one of a number of proposals which were more expensive than the BPA's economically acceptable price. Its decision was not arbitrary, capricious or contrary to law.

■ Indeed, PUD has never seriously pursued its contention that the BPA's decision on the merits was arbitrary or capricious within the meaning of the APA. As PUD points out in its brief, the matter was submitted to the special master upon a contract theory. PUD contends that the BPA's refusal to purchase is inconsistent with what PUD claims to have been a prior, binding contractual commitment to PUD entered into at a meeting attended by the BPA Area Power Manager, Resource Acquisition Manager and other, lower-level BPA employees. This court is without jurisdiction to consider PUD's contentions in that regard, for that contractual claim is within the jurisdiction of the claims court.

PUD also asserts that the BPA was "negligent" in failing to execute a contract for the purchase of the resource. Although the label attached is a tort label, the basic allegation is that BPA failed in its duty not to breach its earlier contractual commitment. This contention is simply a restatement of the contract claim that should have been brought in claims court pursuant to the Tucker Act, 28 U.S.C. § 1491.

Pursuant to 28 U.S.C. § 1631, if an action is brought in the wrong court, that court may transfer the action to the proper court. 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court ... and that court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ..., and the action ... shall proceed as if it had

been filed in ... the court to which it is transferred on the date upon which it was actually filed ... for the court from which it is transferred.

It may be appropriate to transfer this case to the claims court for consideration of the plaintiff's contract claims. However, because this court lacked jurisdiction over the claims that the special master considered, the report of the special master and the record upon which it is based would, of course, have no binding significance in the transferee court. *See Hahn v. United States*, 757 F.2d 581, 590 (3d Cir. 1985) (appeals court vacated district court's monetary award because of lack of jurisdiction and remanded for either amendment of the complaint or transfer to claims court). Relitigation could be partially avoided, however, if the parties were able to stipulate that all or parts of the record before the special master may be utilized in the claims court.

Petitioner has not yet requested transfer and we believe it should have an opportunity to make such a request in the light of this opinion. Accordingly, petitioner may within fourteen days of the filing of this opinion file a request for transfer to the claims court.

To the extent the PUD's petition is deemed to be a petition for review of final agency action, we have made the review and uphold the agency action. Plaintiff's remaining claims are dismissed subject to a decision by this panel to transfer to the claims court upon petitioner's request.

IT IS SO ORDERED.