Henry J. HORNE, Jr., as Executor of the Estate of Henry J. Horne, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 75–1766

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 11, 1975.

William Buford Mitchell, Forsyth, Ga., for plaintiff-appellant.

Ronald T. Knight, U. S. Atty., John D. Carey, Asst. U. S. Atty., Macon, Ga., Scott P. Crampton, Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, Gilbert E. Andrews, Act. Chief, App. Sec., U. S. Dept. of Justice, Meade Whitaker, Chief Counsel, Internal Revenue Service, Louis A. Bradbury, Francis J. Gould, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Plaintiff Horne filed an estate tax return in June 1971. In February 1974 Horne was notified of a deficiency of $48,840.89 and one month later he filed an amended return claiming a refund of $1,330.88. The deficiency was assessed on October 7, 1974 and Horne then

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

brought suit in District Court seeking the refund and also requesting that the deficiency be declared void. The District Court dismissed for lack of jurisdiction. We affirm.

■ *Flora v. United States*, 1960, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623, *affirming*, 1958, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165, established that the District Court has jurisdiction only if the full assessment has been paid. Although *Flora* concerned income tax, the statute construed, 28 U.S.C.A. § 1346(a)(1), applies to "any internal-revenue tax", and *Flora* has been held applicable to an estate tax suit. *West Chester Feed & Supply Co. v. Erwin*, 6 Cir., 1971, 438 F.2d 929, 930.

The instant case can best be analogized to *Miskovsky v. United States*, 3 Cir., 1969, 414 F.2d 954, involving payment of gift taxes, in which the plaintiff attempted to amend his gift tax return after he received a deficiency notice. The amended return showed less tax due than the plaintiff had already paid and he brought suit in District Court for a refund. The Defendant's motion to dismiss was granted on the basis of lack of jurisdiction. *Id.* at 956.

■ Plaintiff Horne has attempted to do the same thing—amend his estate tax return after receipt of the deficiency notice to create a claim for a refund and thereby attempt to create jurisdiction in the District Court. This creative activity is no more legitimate here than it was in *Miskovsky.*

■ It is also well settled that a declaratory judgment cannot be issued in a tax case. 28 U.S.C.A. § 2201; *Hunsucker v. Phinney*, 5 Cir., 1974, 497 F.2d 29, 36, *cert. denied*, 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397. As noted by the District Court, plaintiff's request that the deficiency assessment be declared void is an attempt to have the Court issue a declaratory judgment.

■ Because the full estate tax assessment has not yet been paid and because the statute prohibits a declaratory judg-

ment in a tax suit, the District Court properly dismissed for lack of jurisdiction.

Affirmed.