**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John R. CLUCK, Defendant-Appellant.**

No. 76–2895

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 16, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Roland E. Dahlin, II, Fed. Public Defender, Karen K. Friedman, Asst. Fed. Public Defender, Houston, Tex., Juan E. Gavito, Asst. Federal Public Defender, Brownsville, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Anna E. Stool, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

John R. Cluck appeals from his conviction for importing a stolen firearm into the United States from Mexico. He testified in his own behalf, attempting to explain that the firearm was not stolen. On cross-examination the Assistant United State Attorney asked him, over defense objection:

"Now you are the same John Rexford Cluck that was charged in Beaumont, Texas for unlawfully carrying a weapon on 12–31–75?"

"Yes sir."

"Are you the same John Rexford Cluck that was charged in Beaumont, Texas, on 12–31–75 for possession of stolen property?"

"No sir."

The district court then instructed the jury that the questions were asked for the sole purpose of testing the credibility of the witness.

The government then called as a rebuttal witness a Beaumont policeman who testified that appellant was arrested in Beaumont on December 31, 1975, for possession of stolen property. There is no evidence of the disposition of either charge.

Appellant contends that it was error to admit, for impeachment purposes, evidence of his arrest and accusation of crimes for which there was no evidence of convictions. The government has filed no brief, but it has advised this Court that it does not oppose the appellant's request for reversal and a new trial.

It is error to attack a witness's credibility by using extrinsic evidence of his conduct that has not resulted in conviction of a crime. Fed.R.Evid. 608(b) (1975). The government makes no argument that the error here was harmless. We therefore hold that permitting the testimony of the Beaumont policeman to be introduced was reversible error. *Cf., United States v. Musgrave*, 483 F.2d 327, 338 (5th Cir.), *cert. denied*, 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973).

The conviction is reversed and the cause remanded to the district court.

REVERSED AND REMANDED.