**Willie Foster SELLERS**

v.

**UNITED STATES of America and Commissioner, Internal Revenue Service.**

Civ. No. C–82–930–A.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 13, 1983.

**1150**

Willie Foster Sellers, pro se.

Gerald B. Leedom, Tax Div., Dept. of Justice, Washington, D.C., for defendants.

## ORDER

O'KELLEY, District Judge.

Presently pending before the court are the defendants' motions to dismiss and for an enlargement of time. On February 24, 1983, the court partially converted the motion to dismiss into a motion for summary judgment since matters outside the pleadings were presented on one ground of the motion. See Fed.R.Civ.P. 12(c); *Concordia v. Bendekovic,* 693 F.2d 1073 (11th Cir. 1982). The plaintiff was given notice that the motion to dismiss was converted into a motion for summary judgment, and he was allowed an additional twenty days to file a further response or any evidence to controvert that presented by the defendants. On March 24, 1983, the plaintiff moved for an extension of the twenty days, stating that during a period where he was away from the United States Penitentiary at Marion, his mail was forwarded to North Carolina, where he had been sent for a hearing. Sellers did not receive his mail in North Carolina, and there was some delay in its reaching him after he was returned to Marion. After reviewing Sellers' letter, the court entered an order on March 29, 1983, granting Sellers an additional twenty days to respond. The defendants then moved for an enlargement of time to reply to any response that might be filed by Sellers.

The twenty day period has now passed and no response has been filed by Sellers. The government's motion for an enlargement of time is therefore denied.

The court has, however, received two letters from Sellers, both on April 18, 1983. One is dated April 10, 1983, and informs the court that Sellers had had a heart attack, was in the hospital and wanted the court to know his situation. In the second letter, dated April 14, 1983, Sellers stated that he had been flown to a different hospital. At the conclusion of his second letter, Sellers states, "Just do with the tax case whatever you think is right, I just can't fight the prison system and the IRS." The court views this statement as a concession that Sellers is unable to file further pleadings because of his physical condition and his

separation from law library facilities while hospitalized. In the court's view, Sellers has now abandoned any further attempts to respond to the converted motion for summary judgment.

The court cannot find that any further delay will advance the administration of justice in this case. The court is now prepared to rule upon the motion to dismiss, previously converted into a partial motion for summary judgment.

In order to properly frame the issues the court will briefly set out the allegations in the complaint.

Sellers characterized his complaint as an action "to recover taxes paid in excess of the amount owed by plaintiff and to redress the deprivation of personal property...." Jurisdiction is said to be founded upon 28 U.S.C. §§ 1340 and 1346(a)(1), as well as the federal question provision, 28 U.S.C. § 1331(a). Sellers detailed several incidents in which F.B.I. agents and I.R.S. agents are alleged to have acted to illegally seize property belonging to Sellers and members of his family. Sellers disputed the I.R.S. assessment of his taxes in the years 1972 and 1973, and states that the I.R.S. has collected $18,227.57 more than taxes owed for the period of 1969–1973.

Sellers set out five separate claims for relief. First, he alleges that the government agents illegally seized money and bank records from his apartment in Atlanta, Georgia, on September 25, 1973, by entering his apartment without a warrant, by later obtaining a search warrant which rested upon observations made during the prior illegal entry and by obtaining the search warrant on an affidavit which contained false statements. On that occasion, Sellers had been arrested in the parking lot of the apartments. F.B.I. agents had subsequently undertaken a "protective sweep" of his apartment, looking for armed accomplices. He alleged that agents entered the apartment under a warrant and seized personal property of Sellers and members of his family. The plaintiff's second claim alleged that the I.R.S. illegally collected taxes by (1) confiscating $6,426.33 in funds in bank accounts and $3,199.80 in proceeds from the sale of a pick-up truck without giving the plaintiff either a deficiency notice or a notice of the sale; (2) assessing taxes on stolen money; (3) "double counting bank deposits, i.e., counting the amount deposited, then counting the amount spent on items bought with withdrawals from the account," and (4) seizing personal property of the plaintiff, including exempt property. In the plaintiff's third claim, he alleged that the I.R.S. illegally seized funds in the plaintiff's mother's account. In the fourth claim, Sellers alleged that his fifth amendment due process rights were violated by the I.R.S. assessment of income from the proceeds of a bank robbery. Finally, the fifth claim asserted that the seizure and sale of the plaintiff's property violated his rights under the fourth and fifth amendments to the United States Constitution. In his prayer for relief, the plaintiff sought $15,000.00 in compensatory damages, the return of $18,227.57 in allegedly excess taxes, and a release of all tax liens filed against him.

The defendants moved to dismiss the complaint on several grounds. Sellers filed opposition to their motion. As a first ground for urging dismissal, the defendants argue that the plaintiff's demand for tax refunds for the period of 1969–1973 is barred by the doctrine of res judicata. The court's attention is directed to a final decision of the United States Tax Court assessing Sellers' tax liability for the years 1969–1973. Included with the motion is a copy of the Tax Court's decision and Sellers' petition before that tribunal.

The court was required to convert this ground of the motion to dismiss into a motion for partial summary judgment since matters outside the pleadings were filed for the court's consideration. Fed.R.Civ.P. 12(c); *Concordia v. Bendekovic, supra; Murphy v. Inexco Oil Co.,* 611 F.2d 570 (5th Cir.1980). As a motion for partial summary judgment, the motion is granted as discussed *infra.*

The defendants are correct in arguing that the principle of res judicata will

operate to bar subsequent relitigation of a previously adjudicated cause of action to determine tax liability. *See Finley v. United States,* 612 F.2d 166 (5th Cir.1980); *United States v. Wynshaw,* 516 F.Supp. 785 (S.D.N.Y.1981) *aff'd,* 697 F.2d 85 (2d Cir. 1983). In speaking of the doctrine of res judicata in tax cases, the *Finley* court stated,

> As in any other area, res judicata bars subsequent litigation of a previously adjudicated cause of action, including those claims and defenses that could have been, but were not, raised in the earlier proceeding.

612 F.2d at 170, citing *Commissioner v. Sunnen,* 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). The *Finley* court also noted that the income tax liability for each taxable year "constitutes a single, unified cause of action, regardless of the variety of contested issues and points that may bear on the final computation." *Id.* As such, litigation of the cause of action for tax liability for a single year bars subsequent litigation on the liability for that year. This principle is applicable to a decision of the Tax Court where a subsequent litigation of the same claim is sought in the district court. *United States v. Maxwell,* 459 F.2d 22 (5th Cir.1972). Thus, insofar as petitioner's liability for certain years was determined in the Tax Court, relitigation of that liability here is barred as are claims and defenses which could have been, but were not, litigated in that action.

■ When considering a defense of res judicata the court must examine whether the issues in this suit before it are identical to those decided in the previous proceeding, whether the prior action reached a final judgment on the merits, and whether the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication. *Concordia v. Bendekovic, supra, citing Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Ray v. Tennessee Valley Authority,* 677 F.2d 818 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983); *Southern Jam, Inc. v. Robinson,* 675 F.2d 94 (5th Cir.1982) (Former Fifth). The latter two requirements of the defense are easily satisfied in the instant case. The party against whom the plea is asserted is the plaintiff here, Foster Sellers, the identical plaintiff in the Tax Court case. Further, the prior Tax Court judgment was a final decision, and on the merits, despite being a judgment based upon the default of one party. *Matter of Roloff,* 598 F.2d 783 (3rd Cir.1979) (judgment by default conclusive between the parties on same cause of action); *Moyer v. Mathas,* 458 F.2d 431, 434 (5th Cir.1972) (same; tax liability). It remains, therefore, to compare the identity of the claims raised in the Tax Court to those presented here.

The petition by Sellers in the Tax Court, filed May 21, 1976, challenged tax deficiencies assessed for the years 1969–1973. In that petition, Sellers alleged that numerous errors tainted the Commissioner's assessments for those years, that the assessments should be reduced, and that no penalties or interest should be charged. The Tax Court's order is a final adjudication of the tax liability for those years. It reads:

> This case was called from the calendar for the Trial session at Atlanta, Georgia, on June 26, 1978, pursuant to notice. There was no appearance by or on behalf of petitioner. Counsel for the respondent filed a motion to dismiss for lack of prosecution. After due consideration, it is ORDERED that respondent's motion to dismiss is granted and this case is dismissed for lack of prosecution. It is further
>
> ORDERED that the Clerk of the Court is directed to serve petitioner at Box PMB 96983–131, Atlanta, Georgia 30315 and at P.O. Box 1000–96931–131, Marion, Illinois 62959, with a copy of this order and decision. And, it is
>
> ORDERED and DECIDED that there are deficiencies in income tax and additions to the tax under sections 6651(a)(1), 6653(a) and 6654, Internal Revenue Code of 1954, due from the petitioner for the years and amounts shown:

Additions to the tax, Internal Revenue Code of 1954

| Year | Income Tax | Sec. 6651(a)(1) | Sec. 6653(a) | Sec. 6654 |
|------|-----------|-----------------|--------------|-----------|
| 1969 | 504.84 | 126.11 | 25.22 | 16.09 |
| 1970 | 114.86 | 28.71 | 5.74 | 3.67 |
| 1971 | 505.61 | 126.40 | 25.28 | 16.19 |
| 1972 | 3,795.75 | 948.94 | 189.79 | 121.47 |
| 1973 | 6,950.71 | -- | -- | - |

The court concludes that the issues in the Tax Court were identical to certain of the issues raised here. The present complaint is, in part, an attempt to again litigate the tax liability for two of the years considered by the Tax Court in 1976. In paragraphs 18 and 19 of the complaint, the plaintiff states that he does not contest the I.R.S. figures for taxes owed in the years 1969–1971; however, he does in paragraphs 19–26 contest his tax liability for the years 1972 and 1973, and, in the prayer for relief he seeks a refund of what he claims was an excessive assessment. These allegations and the prayer for a refund seek to litigate the tax liability for the years 1972 and 1973. Clearly, that liability was previously determined in the Tax Court since that court's conclusions cover the years of 1969–1973. Insofar as this portion of the present complaint seeking a tax refund attempts to relitigate the plaintiff's tax liability for the years 1972 and 1973, it is barred by the res judicata effect of the previous Tax Court final decision on the merits of that issue. Partial summary judgment for the defendants is therefore granted on the plaintiff's claims for a tax refund.

Furthermore, even if the claims for a tax refund were not barred by the doctrine of res judicata, the so called "full payment" rule, also cited by the defendants as reason to dismiss, would divest this court of jurisdiction. That rule provides that before a taxpayer may challenge an I.R.S. assessment in federal district court, the full amount assessed must be paid. The federal district court does not have jurisdiction over an action for a refund until such payment is made. 28 U.S.C. § 1346(a)(1); *Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960); *Horne v. United States,* 519 F.2d 51 (5th Cir.1975). Therefore, even if summary judgment on the claims for a tax refund were not warranted on the basis

of res judicata, the grant of the motion to dismiss would be justified on the basis of lack of jurisdiction because the plaintiff has not complied with the "full payment" rule.

As their second ground for moving to dismiss, the defendants contend that the plaintiff's damage claims are barred by the doctrine of sovereign immunity, which holds that neither the government nor its agencies may be parties to a suit for damages unless the government has consented to be sued. While noting that limited waiver of sovereign immunity set out in the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), the defendants contend that this exception does not apply since the plaintiff neither cites the FTCA as a basis for recovery nor alleges facts to demonstrate compliance with the Act's prerequisites. The defendants further note by way of footnote that even this provision would not waive the sovereign immunity extended to the defendant the Commissioner of I.R.S. as a head of a United States agency.

It is indeed well settled that the United States, as sovereign, is protected from suit for damages unless the immunity is expressly waived. *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); *Ware v. United States,* 626 F.2d 1278, 1286 (5th Cir.1980). Further, while the FTCA does set out a limited waiver of immunity, 28 U.S.C. § 1346(b); *Payton v. United States,* 636 F.2d 132, 135 (5th Cir.1981), that limited waiver does not apply where damages are sought from claims arising from the collection or assessment of taxes. *Seibert v. Baptist,* 594 F.2d 423, 427 (5th Cir.), *cert. denied,* 446 U.S. 918, 100 S.Ct. 1851, 64 L.Ed.2d 271 (1979); *rev'd on other grounds,* 599 F.2d 743 (1980). Accordingly, insofar as the plaintiff's claims for damages are based on claims arising from the collection or assessment of taxes, the motion by the defendants to dismiss the damage claims is well founded and is granted.

■ The plaintiff also attempts to raise *Bivens*[1] claims under the fourth and fifth amendments to the United States Constitution against the United States and against the Commissioner in his official capacity. However, sovereign immunity again is a bar. The plaintiff cites 28 U.S.C. § 1331(a) as a basis for jurisdiction for stating these claims directly under the Constitution. Section 1331(a) is not a waiver of sovereign immunity, *Garcia v. United States,* 666 F.2d 960, 966 (5th Cir.), *cert. denied,* — U.S. ——, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982); *A.L. Rowan & Son, General Contractors, Inc. v. HUD,* 611 F.2d 997, 1000 (5th Cir.1980), nor is the Constitution. *Garcia v. United States, supra; Jaffee v. United States,* 592 F.2d 712, 715–18 (3rd Cir.), *cert. denied,* 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979). The United States is absolutely immune from damages in a suit seeking damages under the Constitution, as is the Commissioner insofar as he was acting within the scope of his official capacity. *See Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *Saine v. Hospital Authority of Hall County,* 502 F.2d 1033 (5th Cir.1974). Furthermore, the plaintiff's attempt to state a claim against the Commissioner individually also fails. No allegations in the complaint indicate that the Commissioner personally engaged in any acts alleged to violate fourth and fifth amendment rights of the plaintiff, and he cannot be held vicariously liable. *See Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1977); *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir.1982); *McLaughlin v. City of LaGrange,* 662 F.2d 1385, 1388 (11th Cir.), *cert. denied,* 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982); *United States v. Cluck,* 544 F.2d 195 (5th Cir.1976).[2] The other government agents against whom allegations were made are not parties to this action.[3] The defendant's motion to dismiss on the ground of sovereign immunity is granted as to any claims seeking damages.

■ As a final ground for moving to dismiss, the defendants contend that the declaratory relief requested in regard to the disputed tax liens is barred by the Declaratory Judgment Act and the Anti-Injunction Act. This argument is also well-taken. *See* 28 U.S.C. § 2201; 26 U.S.C. § 7421(a); *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Kemlon Products & Development Co. v. United States,* 638 F.2d 1315 (5th Cir.), *cert. denied,* 454 U.S. 863, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981), *modified,* 646 F.2d 223 (5th Cir.1981); *Horne v. United States,* 519 F.2d 51 (5th Cir.1975). None of the exceptions to the Anti-Injunction Act have been demonstrated. Furthermore, none of the statutory prerequisites to release of a tax lien have been shown. *See* 26 U.S.C. § 6325. No disputed tax liens were detailed in the complaint or other documents. The motion to dismiss on this ground is also granted. A further ground to dismiss is also presented as to the tax liens. The plaintiff could have litigated these liens in the Tax Court. The doctrine of res judicata bars relitigation of all claims or defenses that were or *could have been* raised in the prior litigation. *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1978); *Key v. Wise,* 629 F.2d 1049, 1063 (5th Cir.1980). Accordingly, claims based on the tax liens which could have been raised in the Tax Court are barred here.

Therefore, the court grants the motion of the defendants to dismiss on the grounds discussed above and grants partial summary judgment for the defendants on the res judicata ground as discussed *supra.* The

---

**1.** *Bivens v. Six Unknown Named FBI Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**2.** The reasoning in cases construing immunity under 42 U.S.C. § 1983 is also applicable to *Bivens* claims. *See Butz v. Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894, 2909, 57 L.Ed.2d 895 (1977). Therefore, while the cited cases concern liability under section 1983, their analysis is equally correct in *Bivens* actions.

**3.** This court granted summary judgment for the defendants on similar allegations in a separate law suit. *Foster Sellers v. United States of America,* Civ. No. C–80–593–A (N.D.Ga. Sept. 29, 1982).

defendants' motion for an enlargement of time is denied. Since this ruling disposes of all claims, the clerk is directed to enter final judgment for the defendants.