## COMMUNITY NUTRITION INSTITUTE, et al., Plaintiffs,

### v.

## Dr. Mark NOVITCH, Acting Commissioner Food and Drug Administration, Defendant.

### Civ. A. No. 83–3846.

United States District Court, District of Columbia.

March 22, 1984.

James S. Turner, Swankin & Turner, Washington, D.C., for plaintiffs.

David Levitt, U.S. Dept. of Justice, Civ. Div., Washington, D.C., Irene M. Solet, Associate Counsel for Enforcement Food and Drug Admin., Rockville, Md., for defendant.

## MEMORANDUM ORDER OF DISMISSAL

BARRINGTON D. PARKER, District Judge:

On December 23, 1983, plaintiffs [1] filed the present complaint, requesting that the Court enter an order directing the Food and Drug Administration (FDA) to conduct public hearings to determine the safety of using the food additive aspartame—a sugar substitute—in carbonated beverages.

---

1. The several plaintiffs are Community Nutrition Institute, James S. Turner, Arizona Dietetic Association, Central Arizona District Dietetic Association, and Woodrow C. Monte.

The complaint also sought an order staying the FDA's regulation permitting the addition of aspartame to carbonated beverages until such time as the FDA would convene and conclude the requested public hearings. The plaintiffs had previously filed with the FDA on August 8, 1983, similar requests for a hearing and a stay, along with objections on the merits to the approval of aspartame's use in carbonated beverages.

On January 24, 1984, plaintiffs filed in this Court a motion for a temporary restraining order seeking relief on an emergency basis, but broadening their request for a temporary stay to bar the addition of aspartame not only to carbonated beverages, but to all "food products." The Court denied plaintiffs' motion for a temporary restraining order and in an Order entered on January 27, 1984, noted that the affidavits in support of the motion were for the large part anecdotal, the conclusions advanced were unsubstantiated by direct scientific evidence and most of the factual assertions relied upon were in actuality inadmissible hearsay. The Court also noted in the order that the government had represented at the argument on the motion for a temporary restraining order that an FDA ruling on plaintiffs' request for a public hearing was imminent—by mid-February.

On February 15, 1984, the plaintiffs filed a second motion for a temporary restraining order. Two days later, on February 17, the FDA entered a final ruling on plaintiffs' request for an oral hearing and denied the hearings sought by the plaintiffs. In response to the plaintiffs' second motion for temporary injunctive relief, the FDA filed a motion to dismiss, asserting that this Court lacked jurisdiction and that judicial review was appropriate only in the court of appeals, and not before a district court.

The Court has considered the legal memoranda, the oral argument of counsel for the parties, and determines that the motion to dismiss should be granted and that the plaintiffs' present motion for a temporary restraining order should be denied. The reasons in support of that ruling are set out below.

### A.

Regulations regarding the use of food additives are governed by the Food, Drug and Cosmetic Act ("Act"), 21 U.S.C. § 301, *et seq.* The FDA approved the use of aspartame in two separate regulatory proceedings, approving certain "dry uses" of aspartame on July 24, 1981, and then approving its use in carbonated beverages on July 8, 1983.

G.D. Searle & Co. discovered and developed aspartame. In March 1973, it filed a petition with the FDA for the approval of dry uses of aspartame. On July 24, 1981, after extensive administrative proceedings in which plaintiff James S. Turner participated, and which included review by an independent panel of scientists and public hearings, the FDA approved that use of aspartame. 46 Fed.Reg. 38285–38308. *See* in 21 C.F.R. § 172.804. None of the parties who participated in that proceeding availed themselves of the right to object to or to seek judicial review of the FDA's final decision in the court of appeals.

Searle did not file a petition for use of aspartame in carbonated beverages until October 1982. The FDA approved such use on July 8, 1983. 48 Fed.Reg. 31376–31382, *adding* 21 C.F.R. § 172.804(c)(6). In August 1983, three of the present plaintiffs objected to the carbonated beverage regulation, and requested a stay of the regulation pending the holding of a hearing. On November 16, 1983, the FDA denied the request for a stay, and provided reasons for that decision. 48 Fed.Reg. 52899–52901.

Finally, on February 17, 1984, after this suit was filed and after the plaintiffs filed the second motion for a temporary restraining order in this Court, the FDA denied plaintiffs' objections and their request for a hearing. 49 Fed.Reg. 6672 *et seq.*[2] The request was denied on the

---

**2.** The FDA need not necessarily hold a hearing on such objections to a final order, *see, e.g.,*

ground that the objections failed to present any genuine or substantial issue of fact.

### B.

■ The February 17, 1984 FDA ruling not only disposes of the plaintiffs' request for a hearing but also deprives a district court of jurisdiction. Section 409(g)(1) of the Act, 21 U.S.C. § 348(g)(1), governs judicial review of FDA orders relating to food additives. The section provides that judicial review of any order ruling or objection to the grant or denial of a food additive petition may be had in the United States Court of Appeals within 60 days after the entry of such order.

The United States Court of Appeals for this circuit has repeatedly held when interpreting similarly crafted statutes that jurisdiction in the court of appeals is exclusive, and that jurisdiction does not lie in the district court. *E.g., Amusement & Music Operators Association v. Copyright Royalty Tribunal,* 636 F.2d 531 (D.C.Cir.1980) (appeal from the Copyright Royalty Tribunal under 17 U.S.C. § 810), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1352, 67 L.Ed.2d 336 (1981); *City of Rochester v. Bond,* 603 F.2d 927 (D.C.Cir.1979) (appeal from the Federal Communications Commission under 47 U.S.C. § 402(b)(6) and from the Federal Aviation Administration under 49 U.S.C. § 1486(a)). In *Bond,* the court stated "[i]f ... there exists a special statutory review procedure, it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases in which it applies." *Id.* at 931. Indeed our court of appeals has applied that principle even in a situation where the statute providing for review in the appeals court also contained language that such review "shall be in addition to and not in substitution for any other remedies provided by law." *Independent Cosmetics Manufacturers v. H.E.W.,* 574 F.2d 553 (D.C.Cir.) (quoting from section 701 of the FDC, 21 U.S.C. § 371), *cert. denied,*

*Pineapple Growers Association v. Food and Drug Administration,* 673 F.2d 1083 (9th Cir.1982), nor grant the requested stay. *See, e.g., Allan v.*

439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978). Thus, in *Independent Cosmetics Manufacturers,* despite the savings clause, the court of appeals affirmed the district court's dismissal for lack of subject matter jurisdiction.

In short, because the FDA has issued final orders with respect to all of its requests, jurisdiction over any objections plaintiffs may have to those orders relating to aspartame lies in the court of appeals.

Lastly, the plaintiffs claim that at least with respect to the FDA order of July 24, 1981, approving the dry uses of aspartame—where more than 60 days have elapsed since the FDA issued that order and consequently there no longer is jurisdiction in the court of appeals—that they should be permitted to press their claims here. However, even with respect to those claims the plaintiffs may obtain review in the court of appeals, if appropriate. Under section 409(h) of the FDC Act, if plaintiffs have new evidence, unavailable to the FDA when it promulgated the dry use regulations, the plaintiffs may petition for reconsideration. 21 C.F.R. § 10.33 provides for reconsideration "on the Commissioner's own initiative or on the petition of an interested party." Section 409(g)(1) of the FDC Act explicitly extends to review of "any order ... with respect to repeal of a [food additive] regulation." 21 U.S.C. § 348(g)(1). Thus if the FDA would deny a petition for reconsideration, plaintiffs may be able to seek review in the court of appeals at that time.

Based on the foregoing, it is this 22nd day of March, 1984,

### ORDERED

That plaintiffs' second motion for temporary restraining order is denied.

That defendant's motion to dismiss is granted.

*Securities and Exchange Commission,* 577 F.2d 388 (7th Cir.1978).

That plaintiffs' complaint is dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.