Donna L. TODD, Plaintiff,

v.

UNITED STATES of America; R.S. Win-
trode, Jr., District Director, Department
of the Treasury, and Six Unknown
Names Agents of the Internal Revenue
Service, Defendants.

No. CV–84–105–BLG.

United States District Court,
D. Montana,
Billings Division.

May 14, 1985.

On Motion to Reconsider July 22, 1985.

**554**

W. Corbin Howard, Howard & Grubbs, Billings, Mont., Amy Silberberg, American Civil Liberties Union, Denver, Colo., for plaintiff.

Byron Dunbar, U.S. Atty., Billings, Mont., Micheal G. Lichtenberg, Trial Atty., Tax Div., Washington, D.C., for defendants.

## MEMORANDUM OPINION

BATTIN, Chief Judge.

This case is before the Court on defendants' motion to dismiss. For the reasons stated below, the defendants' motion is granted in part and denied in part.

## FACTS AND PROCEDURE

Plaintiff, Donna Todd, timely filed her 1982 federal income tax return. On August 4, 1983, she filed an amended return. On both returns she typed the words "Signed involuntarily under penalty of statutory punishment" above her signature.

On May 30, 1983, the Internal Revenue Service (Service) assessed a $500 penalty against plaintiff pursuant to 26 U.S.C. § 6702. The Service contended that the return was frivolous because of the statement typed above plaintiff's signature. The notice of assessment and a letter dated June 30, 1983, advised plaintiff of the procedure for contesting the penalty pursuant to § 6703. Section 6703 permits a taxpayer to pay 15% of the penalty ($75) and file a claim for refund.

Plaintiff did not pay the $500 penalty or the 15% required to file for a refund. The Service attached her bank account containing $140.06 and filed a tax lien on her property in Billings, Montana.

Plaintiff filed her complaint with this Court on May 10, 1984. On June 5, 1984, a concession of the penalty issue was approved on behalf of the Attorney General. As a result of that concession, the penalty assessment was abated, the liens were released, and the $140.06 was returned to plaintiff.

The United States offered to stipulate to entry of judgment against it for a return of all moneys obtained by levy, together with the release of the liens. The stipulation would also have permitted plaintiff to claim attorney's fees and costs under 26 U.S.C. § 7430. Plaintiff declined to so stipulate and chose to pursue her claim for damages.

Plaintiff's amended complaint seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that defendants violated plaintiff's First and Fifth Amendment rights. Plaintiff's amended complaint also seeks compensatory damages as well as costs and attorney's fees. The defendants have moved to dismiss for failure to state a claim and lack of jurisdiction over the subject matter.

## DISCUSSION

Plaintiff seeks a declaratory judgment from this Court declaring that the defendants violated plaintiff's First and Fifth Amendment rights. However, federal courts are courts of limited jurisdiction; and this Court lacks subject matter jurisdiction to do what plaintiff requests.

Title 28 U.S.C. § 2201 grants federal courts the power to issue declaratory judgments "except with respect to Federal taxes." Congress has barred federal courts from giving declaratory judgments in tax matters. *Handeland v. Comm'r*, 519 F.2d 327 (9th Cir.1975); *Horne v. United States*, 519 F.2d 51 (5th Cir.1975). Therefore, plaintiff's claim for declaratory relief must be dismissed for lack of subject matter jurisdiction.

Plaintiff seeks damages against the United States and against the other defendants in both their official and individual capacities. Plaintiff's claims against the United States and the other defendants acting in their official capacities are barred by sovereign immunity.

The United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. *United States v. Shaw*, 309 U.S. 495, 500–01, 60 S.Ct. 659, 661, 84

L.Ed. 888 (1940); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir.1982). Where a suit has not been consented to by the United States, dismissal of the action is required. *Hutchinson, supra.*

■ A suit against Internal Revenue Service agents in their official capacities is a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455 (9th Cir.1985). As such, absent express statutory consent to be sued, dismissal is required. *Radin v. United States*, 699 F.2d 681, 684 (4th Cir. 1983).

■ There is no statutory waiver of sovereign immunity in the instant case. *See Gilbert v. DaGrossa*, 756 F.2d 1455 (9th Cir.1985). Thus, to the extent the plaintiff's claims are against the United States and the Internal Revenue Service agents in their official capacities, the claims are barred by the doctrine of sovereign immunity.

■ To the extent the agents are named in their individual capacities, they enjoy qualified immunity from suit. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. Therefore, in order for plaintiff to prevail against defendants' qualified immunity protection, she must show that assessing the § 6702 penalty and attaching her checking account and putting a lien on her property violated a clearly established constitutional right and that a reasonable person would have known that it did so.

Plaintiff contends that defendants' actions violated her First Amendment right to free speech and her Fifth Amendment right to due process. The defendants try to divert the argument to the issue of whether § 6702 violates plaintiff's First and Fifth Amendment rights. Many courts, including this one, have held that it

does not. *West v. Comm'r*, CV–83–204–BLG (D.Mont. Sept. 11, 1984); *Milazzo v. United States*, 578 F.Supp. 248 (S.D.Cal. 1984). However, this case is not about 26 U.S.C. § 6702 because § 6702 is inapplicable to plaintiff's tax return, and there is no reason to think that it would be applicable.

Section 6702 provides for a civil penalty if a taxpayer files a frivolous tax return. The statute provides that this penalty shall be imposed if an individual files a return which does not contain the information required or contains false or incorrect information and the failure to give the necessary information or the giving of false or incorrect information was due to a frivolous position or a desire to delay or impede the administration of federal income tax laws.

■ Defendants do not attempt to allege that plaintiff violated § 6702 by typing the statement above her name. Plaintiff apparently supplied all the necessary information required of her, and all the information was correct. Plaintiff chose to exercise her First Amendment right to freedom of speech in a way that did not affect the accuracy of her tax return nor did it impede the Service's ability to process the return.

■ Free speech and conduct amounting to symbolic speech enjoy the greatest possible protection, and the Constitution allows only the narrowest possible restrictions. *Brandenburg v. Ohio*, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969); *Spence v. Washington*, 418 U.S. 405, 94 S.Ct. 2727, 41 L.Ed.2d 842 (1974). The necessities of maintaining a revenue system raises a compelling governmental interest sufficient to impose some restrictions on free speech. *See United States v. Lee*, 455 U.S. 252, 102 S.Ct. 1051, 71 L.Ed.2d 127 (1982). In passing 26 U.S.C. § 6702, Congress provided the Service with a closely focused deterrent against frivolous tax returns. However, Congress limited that restriction on free speech to those instances where the return does not contain the information required or contains false

or incorrect information and the failure to give the necessary information or the giving of false or incorrect information was due to a frivolous position or a desire to delay or impede the administration of federal income tax laws. Congress did not inhibit other avenues of expression and indeed would not have the power to do so unless it were in the legitimate pursuit of a compelling governmental interest.

█ The defendants are unable, and did not attempt, to establish that the government has a compelling interest in preventing plaintiff from typing the statement on her tax return.[1] By invoking the provisions of § 6702 and assessing the $500 penalty, defendants violated plaintiff's First Amendment right to freedom of speech. By attaching her bank account and putting a lien on her property without first having a hearing, defendants violated plaintiff's Fifth Amendment right to due process.

█ The plaintiff has shown that defendants did violate plaintiff's clearly established Constitutional rights. This holding does not, however, necessarily decide the case in plaintiff's favor. When the Supreme Court adopted the objective test in *Harlow*, it provided for an exception for "extraordinary circumstances." The Court stated as follows:

> If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct. Nevertheless, if the official pleading the defense claims extraordinary circumstances and can prove that he neither knew nor should have known of the relevant legal standard, the defense should be sustained. But again, the defense would turn primarily on objective factors.

*Harlow v. Fitzgerald*, 457 U.S. 800, 818–19, 102 S.Ct. 2727, 2739, 73 L.Ed.2d 396 (1982). Therefore, the defendants' motion to dis-

miss insofar as it applies to defendants in their individual capacities must be denied and discovery allowed to proceed.

That sector of the public which seeks to avoid their share of the tax burden by filing frivolous returns should take no comfort in this decision. Congress has determined that § 6702 is necessary to combat the rapid growth in deliberate defiance of the tax laws by tax protesters. *See* S.Rep. No. 494, 97th Cong., 2d Sess. 277–78, *reprinted in* 1982 U.S.Code Cong. & Ad. News 781. The power of the Internal Revenue Service to assess the § 6702 civil penalty for frivolous returns is in no way diminished by this decision. The employees of the Service whose duties include assessment of the § 6702 penalty should not look upon this decision as a deterrence to their diligent enforcement of § 6702 because as long as the penalty is assessed for a violation of § 6702 they need have no fear of a legitimate suit for their actions.

The Court will issue an order in conformity with this Memorandum Opinion.

## ORDER

Pursuant to the Memorandum Opinion filed this day in the above-entitled case,

IT IS ORDERED that defendants' motion to dismiss is granted in part and denied in part.

That part of plaintiff's complaint seeking a declaratory judgment is dismissed for lack of subject-matter jurisdiction. That part of plaintiff's complaint seeking damages from the United States and the Internal Revenue Service agents in their official capacities is dismissed for failure to state a claim.

That part of defendants' motion to dismiss which pertains to plaintiff's claim for damages against the individual defendants in their individual capacities is denied.

---

1. The Court's ruling applies only to the specific facts before it and does not purport to enumerate what a taxpayer may and may not put on his tax return. The Court reemphasizes that in the instant case the typed statement did not affect the accuracy of plaintiff's return nor did it in any way impede the Service's ability to process the return.

The Clerk is directed forthwith to notify counsel for the respective parties of the making of this order.

## ON MOTION TO RECONSIDER

This case is before the Court on defendants' motion to reconsider the Court's Opinion and Order of May 14, 1985. For the reasons stated below, the motion is denied.

 The defendants contend that at the time the Internal Revenue Service (Service) agents assessed the § 6702 frivolous return penalty against the plaintiff there was no clearly established constitutional right to type the phrase "Signed involuntarily under penalty of statutory punishment" in the jurat of a Form 1040 tax return. It is true that there is no constitutional provision or case law which specifically says you can type this specific phrase on your tax return. However, the defendants seek too narrow an interpretation of the phrase "clearly established constitutional right." The clearly established constitutional right is the First Amendment guarantee of freedom of speech. It is difficult to imagine a more fundamental and clearly established constitutional right than that of freedom of speech.

While it is true that this constitutional right can be restricted in certain narrow circumstances, such is not the case here. Free speech and conduct amounting to symbolic speech enjoy the greatest possible protection, and the Constitution allows only the narrowest possible restrictions. *Spence v. Washington*, 418 U.S. 405, 94 S.Ct. 2727, 41 L.Ed.2d 842 (1974); *Brandenburg v. Ohio*, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969). The necessities of maintaining a revenue system raises a compelling governmental interest sufficient to impose some restrictions on free speech. *See United States v. Lee*, 455 U.S. 252, 102 S.Ct. 1051, 71 L.Ed.2d 127 (1982). In passing 26 U.S.C. § 6702, Congress provided the Service with a closely focused deterrent against frivolous tax returns. However, Congress limited that restriction on free speech to those instances where the return does not contain the information required or contains false or incorrect information and the failure to give the necessary information or the giving of false or incorrect information was due to a frivolous position or a desire to delay or impede the administration of federal income tax laws. Congress did not inhibit other avenues of expression and indeed would not have the power to do so unless it were in the legitimate pursuit of a compelling governmental interest.

The defendants contend that § 6702 was a new statute, that they had little experience in interpreting it, and that they were not sure what "frivolous" meant. This argument is totally untenable as an excuse for their actions.

 Title 26 U.S.C. § 6702 reads as follows:

(a) Civil penalty.—If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assesment may be judged, *or*

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; *and*

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, *or*

(B) a desire (which appears on the purported return) to delay or impede the administration of federal income tax laws,

then such individual shall pay a penalty of $500. (emphasis added).

In statutory interpretation the use of the words "or" and "and" is of great significance. Section 6702(a) contains two subparts—(1) and (2). Those two subparts are connected by the word "and." This means that the prohibited conduct of both subpart (1) and subpart (2) must be present before the $500 penalty can be assessed. In other words, even before considering the question of whether a return takes a frivolous position or is attempting to delay or impede

the administration of federal income tax laws as described in § 6702(a)(2), it must first be determined that the return does not contain the necessary information or contains incorrect information as described in § 6702(a)(1).

The Service admits that plaintiff's return did not contain any false or incorrect information and that it contained all the information required to determine the amount of tax owed. Therefore, even assuming that the defendants' claim of lack of understanding of the word "frivolous" is meritorious, it is of no help to their position here because it is abundantly clear that there was no conduct on plaintiff's part which violated § 6702(a)(1). Thus, there could be no penalty assessed under any interpretation of the terms contained in § 6702(a)(2).

The defendants have admitted that plaintiff's typing of the phrase on her tax return did not affect the accuracy of plaintiff's return nor did it in any way impede the Service's ability to process the return. And that position is the only credible one that could be taken. Yet, the defendants contend that because they were not sure whether the return was frivolous they were justified in invoking the penalty and putting the burden on the plaintiff to prove them wrong and to get her money back. Such a cavalier attitude towards the citizens of this country by a government agency will not be tolerated.

The Internal Revenue Service, the Treasury Department, and the Justice Department employ hundreds of attorneys. Surely it is not too much to ask that an attorney review the tax returns, before the frivolous return penalty is assessed, in those instances where an Internal Revenue Service agent suspects that a tax return is frivolous but he is not certain because what he suspects to be frivolous about it is of a "new" or "unusual" nature. Therefore,

IT IS ORDERED that the defendants' motion is denied and they are granted twenty (20) days in which to further plead.