**Gerard T. O'BRIEN, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. CIV. 2:97–CV–145–WCO.**

United States District Court,
N.D. Georgia,
Gainesville Division.

Feb. 13, 1998.

Gerard T. O'Brien, Gainesville, GA, pro se.

Lisa D. Cooper, Lori M. Beranek, Mary Christine Roemer, SAUSA, Office of United States Attorney, Northern District of Georgia, Atlanta, GA, for defendants.

### ORDER

O'KELLEY, Senior District Judge.

The captioned case is before the court for consideration of some thirty motions which have been filed by the plaintiff, Gerard O'Brien, as well as defendant United States' motion to dismiss [30–1]. A hearing was held in the federal district court in Gainesville, Georgia, on December 31, 1997 at which time both parties were present to discuss these motions. Because a positive determination of defendant's motion to dismiss would be dispositive of the remaining motions, it will be first addressed.

Plaintiff has made countless allegations in his complaint, many of which are of dubious clarity. However, the court does not wish to dismiss this case on the basis of Federal Rule of Civil Procedure 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief" only to have the claim resurface in a perhaps different but equally incomprehensible state. Additionally, the court notes plaintiff's pro se status and will therefore afford him greater latitude. For these reasons the court will attempt to decipher plaintiff's complaint and determine whether it withstands defendant's motion to dismiss.

### Facts

In this action plaintiff seeks appropriate relief for the alleged infringement of Patent No. 4,683,618 issued to plaintiff on August 4, 1987, and its associated copyright certificate No. TXU 271,692. Plaintiff alleges a series of continuing violations through which his intellectual property has been "taken" by the government. The alleged taking occurred through both the government's prevention of plaintiff's use of his patented process as well as by the government's aid and inducement of others' infringement of plaintiff's property through their unlicensed use of his process. In his complaint plaintiff includes a laundry list of laws which "would also appear to have been violated in the commission of the infringement. . . ." Complaint at 8–9. The Court will therefore analyze what it perceives to be plaintiff's various claims.

### Jurisdiction

Plaintiff claims this court has jurisdiction under 28 U.S.C. §§ 1331,[1] 1332,[2] and 1338.[3]

---

1. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

2. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . .

and is between citizens of different States. . . . 28 U.S.C. § 1332.

3. The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdic-

However, under the doctrine of sovereign immunity, the federal government must consent to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). It is well established that the United States is immune from suit unless sovereign immunity has been waived. *See Kentucky v. Graham,* 473 U.S. 159, 165–67, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Absent an express statute waiving sovereign immunity, the district court lacks jurisdiction to entertain an action against the United States, thereby requiring dismissal. *DiVosta Rentals v. Lee,* 488 F.2d 674, 679 (5th Cir.1973).

■ Sections 1331, 1332, and 1338 operate merely as grants of general jurisdiction and require an accompanying waiver of sovereign immunity. Multiple courts have determined that § 1331 does not constitute a waiver of the federal government's sovereign immunity. *See, e.g., Beale v. Blount,* 461 F.2d 1133, 1138 (5th Cir.1972) and *Sellers v. United States,* 569 F.Supp. 1149, 1154 (N.D.Ga.1983). While 28 U.S.C. §§ 1331 and 1332 confer subject matter jurisdiction over the defined actions, they are not in themselves waivers of sovereign immunity. They do not confer personal jurisdiction over any party to the actions. *See Duplantier v. United States,* 606 F.2d 654, 663 n. 19 (5th Cir.1979)(noting that § 1331 does not constitute a waiver of sovereign immunity but only grants federal courts certain subject matter jurisdiction and stating, "[t]he concepts of personal and subject matter jurisdiction are separate and distinct."). This court finds this analysis applicable to § 1338 as well. Like §§ 1331 and 1332, § 1338 is a statute which confers jurisdiction of specified subject matter to the federal district courts, as opposed to the state courts. *See, e.g., Croydon Co., Inc. v. Unique Furnishings, Ltd.,* 831 F.Supp. 480, 487 (E.D.N.C.1993) (following the exclusive jurisdictional provision in § 1498).

Accordingly, in order to bring suit against defendant United States, there must be some statute which provides a waiver of the federal

government's sovereign immunity for each claim. The court will therefore proceed to investigating whether such a waiver exists as to plaintiff's claims.

### I. Infringement Claim

■ Plaintiff alleges that his patented process has been infringed through the unlicensed use of various organizations, including the USDA and FDA. In its motion to dismiss, defendant argues that this court has no jurisdiction over the claim because 28 U.S.C. § 1498 provides for exclusive jurisdiction in the United States Court of Federal Claims for claims of infringement against the United States. Section 1498(a) provides:

Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United ed States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

28 U.S.C. § 1498(b) similarly supplies an exclusive remedy in the Court of Federal Claims for infringement "by the United States, by a corporation owned or controlled by the United States, or by a contractor, subcontractor, or any person, firm, or corporation acting for the government and with the authorization or consent of the government. . . ."

Often § 1498 arises in the context of a suit by a patent or copyright holder against some private, i.e. non-governmental, person or entity. In such cases, the defendant attempts to use the section to escape liability for the role it played in the infringement, arguing that the plaintiff's exclusive remedy lies in a suit against the United States in the Court of Claims. In these cases, there is some dispute among the courts about whether § 1498 should be viewed as a jurisdictional statute or as an affirmative defense. *See, e.g., Herbert v. Nat'l Academy of Sciences,* 974 F.2d 192, 196 (D.C.Cir.1992); *Manville Sales*

---

tion shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases. 28 U.S.C. § 1338(a).

Corp. v. Paramount Sys., Inc., 917 F.2d 544, 554–55 (Fed.Cir.1990); Croydon, 831 F.Supp. at 486.

In the realm of cases brought against the United States itself, however, § 1498 should be seen as a jurisdictional statute which waives sovereign immunity in the limited circumstances provided by the section. See, Manville, 917 F.2d at 555 n. 6 (noting that 1498 creates different effects depending on the nature of the party raising it; the court saw no inconsistency between interpreting § 1498(a) as a jurisdictional statute in suits against the Unites States and as merely codifying a defense that private parties may raise on the merits). See also Zimmerman v. United States, 422 F.2d 326, 328 (3rd Cir.), cert. denied, 399 U.S. 911, 90 S.Ct. 2200, 26 L.Ed.2d 565 (1970) (holding that in conferring a right of action against the U.S. in § 1498, "Congress thereby relinquished governmental immunity and consented to suit in the Court of Claims in carefully circumscribed situations.").

Section 1498 is an exclusive remedy for infringement suits against the United States. Zimmerman, 422 F.2d at 328; Hughes Aircraft Co. v. Messerschmitt–Boelkow–Blohm, 437 F.Supp. 75, 76 (M.D.Fla.1977), aff'd, 625 F.2d 580 (5th Cir.1980),[4] cert. denied, 449 U.S. 1082, 101 S.Ct. 868, 66 L.Ed.2d 807 (1981). To the extent that plaintiff may have a meritorious claim against the United States for infringement, therefore, his remedy lies only in the United States Court of Claims.[5] However, § 1498 waives sovereign immunity only with respect to a direct governmental infringement of a patent. The doctrine of sovereign immunity applies "with full force" to any action for infringement outside the scope of consent which the government has provided in § 1498. Zimmerman, 422 F.2d at 328.

Activities of the Government which fall short of direct infringement do not give rise to governmental liability because the Government has not waived its sovereign immunity with respect to such activities. Hence, the Government is not liable for its inducing infringement by others, for its conduct contributory to infringement of others, or for what, but for section 1498, would be contributory (rather than direct) infringement of its suppliers. Although these activities have a tortious ring, the Government has not agreed to assume liability for them.

Decca Ltd. v. United States, 225 Ct.Cl. 326, 640 F.2d 1156, 1167 (Cl.Ct.1980), cert. denied, 454 U.S. 819, 102 S.Ct. 99, 70 L.Ed.2d 89 (1981). In other words, to the extent that plaintiff's claim is one of indirect infringement by the United States, it will be defeated by the United States' sovereign immunity protection. Accordingly, defendant's motion to dismiss plaintiff's claim of infringement is hereby GRANTED.

## II. Claim under the Food, Drug and Cosmetic Act

■ One of plaintiff's claims against the government seems to stem from the Food and Drug Administration (FDA) and the U.S. Department of Agriculture ("USDA")'s decisions not to approve the process for which he holds a patent. In its motion to dismiss, the U.S. argues that this claim should also be dismissed from this court for lack of jurisdiction.

Review of an FDA decision denying a petition lies exclusively within the federal court of appeals. Community Nutrition Inst. v. Novitch, 583 F.Supp. 294, 296 (D.D.C.1984), aff'd, 773 F.2d 1356 (D.C.Cir.1985). The Food, Drug, and Cosmetic Act states that "any person who will be adversely affected [by an order approving or denying a petition] may obtain judicial review by filing in the United States Court of Appeals...." 21 U.S.C. § 348(g)(1). Accordingly, this court lacks jurisdiction over plaintiff's claims that his process should have been approved. Defendant's motion to dismiss plaintiff's claim

---

4. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5. Because this court does not possess jurisdiction over plaintiff's infringement claim against the United States, the court will not reach the substantive issues surrounding this claim.

regarding the agency decisions is therefore GRANTED.

### III. Tort Claims

██ Plaintiff seems to allege that the United States committed certain tortious acts, including interference with contract rights and business relations. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) generally authorizes suits against the United States for tort claims. However, defendant argues that a procedural requisite to a claim under the FTCA is that administrative remedies be exhausted. Defendant points out that plaintiff has not established that he has met this exhaustion requirement.

28 U.S.C. § 2675(a) requires a claimant to first present his tort claim to the appropriate federal agency and receive a final disposition before instituting a legal action against the United States. Noncompliance with § 2675 deprived the claimant of federal court jurisdiction over his claim. *Davis v. Marsh,* 807 F.2d 908; 911 (11th Cir.1987)(citing *Adams v. United States,* 615 F.2d 284, 290 (5th Cir. 1980)). From plaintiff's pleadings it does not appear that he filed a separate administrative tort claim in this matter. Plaintiff O'Brien has failed to exhaust his administrative remedies and his tort claims against the United States are due to be dismissed. *See, e.g., Brackin v. United States,* 913 F.2d 858, 859–60 (11th Cir.1990). Defendant's motion to dismiss plaintiff's tort claims is hereby GRANTED.

### IV. Constitutional, RICO, Antitrust Claims

██ Plaintiff alleges that the United States has violated his constitutional rights, pointing particularly to a violation ˙of the Takings Clause. It also seems that plaintiff may be alleging RICO or antitrust violations. Defendant argues that the United States has not waived its immunity from liability from such claims.

Once again, defendant is correct in pointing out the general immunity of the United States from suit, absent a waiver. This Court is not aware of any waiver of sovereign immunity by the United States which would permit plaintiff's claims directly against the United States based on alleged constitutional violations. *See, e.g., McCollum v. Bolger,* 794 F.2d 602, 607 (11th Cir.1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 883, 93 L.Ed.2d 836 (1987). Likewise, the United States has not waived its sovereign immunity from RICO, *see Berger v. Pierce,* 933 F.2d 393, 397 (6th Cir.1991), or antitrust, *see Sea–Land Serv., Inc. v. The Alaska R.R.,* 659 F.2d 243, 245 (D.C.Cir.1981), *cert. denied,* 455 U.S. 919, 102 S.Ct. 1274, 71 L.Ed.2d 459 (1982), suits. Therefore, defendant's motion to dismiss as to these claims is hereby GRANTED.

### Conclusion

In accordance with the above discussions, the court hereby GRANTS defendant United State's motion to dismiss plaintiff's claims in their entirety [30–1]. All remaining motions are hereby DENIED as moot [3–1], [5–1], [6–1 through 6–7], [8–1], [10–1], [11–1], [13–1], [14–1], [15–1], [16–1], [17–1], [20–1], [23–1], [25–1], [29–1], [32–1], [33–1], [34–1], [35–1], [40–1], [41–1], [42–1], [43–1], [44–1], [45–1], [47–1], [48–1], [49–1], [50–1], [54–1].